IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **THADDEUS JOHNSON**  <br>  **Plaintiff,**  <br>  v.  <br>  **MACY'S SOUTH, LLC., a division of FEDERATED DEPARTMENT STORES, INC.**  <br>  **Defendant.** | 1:07-cv-1256-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Federated Department Stores, Inc.'s ("Defendant"), Motion to Compel Arbitration and Dismiss Proceedings ("Motion to Compel") [2] and Plaintiff Thaddeus Johnson's ("Plaintiff") Motion for Remand [3].

**I.   BACKGROUND**

This is an age discrimination case arising out of Plaintiff's employment as a part-time security employee in a Macy's store at Northlake Mall in Atlanta, Georgia. Plaintiff was employed by Defendant from April 2002 to February 2007. Plaintiff alleges that Defendant discriminated against him on the basis of his age by failing to promote him to a full-time security detective position.

In January 2004, Defendant implemented the Solutions InSTORE Early Dispute Resolution Program (the "Program"), which included mandatory arbitration of an employee's employment-related disputes unless the employee elected not to participate. (Program, attached to Mot. to Compel as Ex. C.) Before implementing the Program, Defendant provided information on the Program for all its employees, which included information sessions in small groups with a manager's presentation, a video about the program, and a brochure for each employee describing the Program.

In September 2003, Defendants mailed to the home address of all employees a Program summary which included an Early Dispute Resolution Program Election Form (the "Election Form"). The instructions stated that if an employee wanted to be excluded from the arbitration program, he or she must return the Election Form by October 31, 2003. Defendant advised its employees that if a form was submitted declining to participate in the arbitration program, confirmation of that fact would be sent by December 29, 2003, and if the employee does not receive confirmation, he should promptly contact the Solutions InSTORE office. Plaintiff did not return the Election Form nor did he contact the Solutions InSTORE office

to notify it that he had not received confirmation of his election to opt out of the Program.

In January 2004, Defendant sent to all employees who had not returned the Election Form a pamphlet welcoming them to the Program. Plaintiff did not contact the Solutions InSTORE office after receiving the welcome package. In September 2004, Defendant gave employees another opportunity to opt out of the Program by sending all participating employees another election form, again advising them of their right to opt out of the arbitration portion of the Program. Plaintiff again did not return the election form.

On April 26, 2007, Plaintiff filed this action in the Superior Court of DeKalb County, Georgia, asserting a claim under Georgia's Age Discrimination Statute, O.C.G.A. § 34-1-2, and a claim for intentional infliction of emotional distress. On May 31, 2007, Defendant removed the case to federal court, asserting that diversity jurisdiction exists under 28 U.S.C. 1332, 1441 and 1446. On June 6, 2007, Defendant filed this Motion to Compel Arbitration. On June 29, 2007, Plaintiff filed his Motion to Remand.

## II. DISCUSSION

### A. Motion to Remand

The Court first considers Plaintiff's Motion to Remand to determine whether federal jurisdiction is proper in this case. Plaintiff argues that because Defendant operates stores in Georgia, it should be considered a citizen of the State of Georgia, and because Plaintiff is also a resident of Georgia, diversity jurisdiction does not exist. Defendant argues that diversity jurisdiction exists because it is a resident of Delaware and Ohio–not Georgia.[1]

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[1] In its Notice of Removal, Defendant asserts that Plaintiff has named the incorrect corporate defendant. Defendant claims the corporate entity that owns and operates the Macy's stores in Atlanta is Federated Retail Holdings, Inc. d/b/a Macy's South. (Notice of Removal, at ¶ 5.) Federated Retail Holdings, Inc. is a New York corporation with its principal place of business in Cincinnati, Ohio. Thus, Defendant argues that "even when Plaintiff amends his Complaint to name the correct corporate entities, complete diversity of citizenship will still exist." (Id.)

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the propriety of removal is in question, the burden is on the removing party to show removal is proper. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant claims this Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Id. at § 1332(c)(1). "Diversity jurisdiction, as a general rule, requires complete diversity -- every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Plaintiff is a resident of Georgia. (Compl., at ¶ 1.) According to the Complaint, Defendant Federated Department Stores, Inc. is a Delaware corporation

with its principal place of business in Cincinnati, Ohio.[2]  (Compl., at ¶ 2.)  Plaintiff admits in his Motion to Remand that the amount in controversy exceeds $75,000.  Plaintiff also admits, in both the Complaint and in the Motion to Remand, that Defendant is a foreign corporation with its principal office located in Cincinnati, Ohio.  Plaintiff's sole argument is that there is no diversity of citizenship because Defendant has a regional office in Georgia and is authorized to transact business in Georgia.  This is not the relevant inquiry.  Because Defendant is a citizen of both Delaware and Ohio, and Plaintiff is a Georgia resident, diversity jurisdiction exists.  Plaintiff's motion for remand is denied.

    B.    <u>Motion to Compel Arbitration</u>

Defendant argues that because Plaintiff elected during his employment to participate in the Solutions InSTORE Dispute Resolution Program, which included a binding arbitration agreement, his claims are subject to arbitration.  Thus, the Court should dismiss the action and require Plaintiff's claim to be resolved through

---

[2] Although Plaintiff refers to Macy's South, LLC in the caption of the Complaint, it asserts only that Macy's South is a division of Defendant Federated Department Stores, Inc.  Thus, Macy's South is not a separate defendant in this action.

arbitration.  Plaintiff argues that he should not be compelled to arbitrate because the terms of the Program are not enforceable as a matter of law.

The Federal Arbitration Act, 9 U.S.C. § 4 (2000) ("FAA"),  is based on the strong federal policy supporting arbitration agreements.  In enacting the FAA, Congress was seeking "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place [these] agreements on the same footing as other contracts."  EEOC v. Waffle House, Inc., 534 U.S. 279, 287 (2002).  The Supreme Court consistently has required federal courts to "rigorously enforce agreements to arbitrate."  Shearson/Am. Express v. McMahon, 482 U.S. 220, 226 (1987).

The Eleventh Circuit has enforced this policy, noting "the Supreme Court has commanded that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'"  Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002).  The Court has stated that the FAA "'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate.'"  Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. Medpartners, Inc., 312 F.3d 1349, 1357 (11th Cir. 2002) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985)). It further has instructed that "[t]he [FAA] establishes that, as a matter of federal

law, any doubts concerning the scope of arbitrable issues *should be resolved in favor of arbitration . . . .*" Id. at 1358 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)).  It is for the Court to decide "gateway matters" involving arbitration, "such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy."  Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003).

    To determine whether arbitration should be compelled, "the Court must assess whether: (1) there is a valid written agreement to arbitrate; (2) the issue [sought to be arbitrated] is arbitrable under the agreement; and (3) the party asserting the claims has failed or refused to arbitrate the claims.'"  Lomax v. Woodmen of the World Life Insurance Society, 228 F. Supp. 2d 1360, 1362 (N.D. Ga. 2002) (citations omitted).  In deciding whether there is a binding agreement to arbitrate, "general Georgia contract law applies. . . ."  Caley v. Gulfstream Aerospace Corp., 333 F. Supp. 2d 1367, 1374 (N.D. Ga. 2004).  "The basic requirements for a binding contract under Georgia law are (1) a definite offer and (2) complete acceptance (3) for consideration."  Id. (citing Moreno v. Strickland, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002)).

Plaintiff argues that there was no valid agreement to arbitrate because the language of the Program does not constitute an offer, Plaintiff did not accept the offer, and there was no consideration. (Opp. to Mot. to Compel [5], at 2.) In Nguyen v. Federated Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 39642 (N.D. Ga. July 12, 2005), adopted by 2006 U.S. Dist. LEXIS 2878 (N.D. Ga. Jan. 19, 2006), the district court considered the exact same arbitration provision in the same Solutions InSTORE Program as the one before the Court. The Nguyen court held that the Program's arbitration provision constituted a binding agreement to arbitrate, and its explanation is directly pertinent here:

> Defendants made the offer to arbitrate by informing each employee of the arbitration program at informational sessions. Details about the Program's operation were provided to employees, both verbally and in writing, at these meetings. Additional information was provided . . . regarding the voluntary nature of the arbitration program and explaining the election process to accept or decline participation in the program. . . . If an employee did not wish to participate in the arbitration program, the offer made by Defendants was declined by completing and returning the Election Form. Acceptance of the offer was made by failure to return the Election Form.

Id. at * 10. The Court agrees with the reasoning in Nguyen and applies it to this case. Plaintiff was "informed of the offer to enter the arbitration agreement and of

the process by which the offer could be declined." Id. at * 11; see also Caley v. Gulfstream Aero. Corp., 428 F.3d 1359, 1373-74 (11th Cir. 2005); Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1109 (9th Cir. 2002) (upholding validity of an arbitration program where employees had the opportunity to opt out of the program, explaining "[w]hen, as here, inaction is indistinguishable from overt acceptance, we may conclude that the parties have come to an agreement"). Thus, the parties did enter into a valid, written agreement to arbitrate.[3]

Plaintiff argues that the Program did not adequately inform him that he was entering into a contract and that he was waiving his right to a trial by jury. This argument is unavailing. First, the validity of an arbitration agreement is determined by contract law, not the heightened standard seemingly advocated by Plaintiff. Second, the Program adequately informs participants they will not have a jury trial if they accept the terms of the Program. The Program documents state that "[t]his . . . process is led by an Arbitrator . . . who will render a final decision that is binding on both the Company and you." (Program, attached as Ex. C to

---

[3] The arbitration agreement also was supported by adequate consideration. "Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract." Caley, 428 F.3d at 1376. In this case, employees received reciprocal promises from Defendant to arbitrate, and Defendant agreed to pay for the costs of arbitration.

Mot. to Compel, at 2.)  The Program documents further state that "all employment-related legal disputes . . . shall be settled exclusively by final and binding arbitration . . . before a neutral, third party Arbitrator" and that "neither the Associate nor the Company can file a civil lawsuit in court against the other party." (Id. at 5, 7.)

Plaintiff also argues that Defendant waived participation in the Program because it did not request arbitration before Plaintiff filed this action, when Defendant's counsel and Plaintiff's counsel were communicating regarding Plaintiff's EEOC complaint.  This argument is without merit.  To initiate arbitration under the Program, "the Associate or Company must give written notice to the other party and/or person who is alleged to be liable in the dispute."  (Id. at 8.)  Thus, the responsibility for initiating the action was on Plaintiff because he had the complaint.[4]  Moreover, Defendant moved to compel arbitration within a week after removing the case to federal court.

---

[4] Plaintiff also argues that he should not be compelled to arbitrate because the EEOC Right to Sue letter he received required him to file a lawsuit in federal or state court within 90 days of receipt, or his right to sue would be lost.  (Opp. to Mot. to Compel, at 5.)  The EEOC letter does not dictate the forum for resolution of Plaintiff's claim.  It is clearly established that employment discrimination claims are arbitrable.  Circuit City Stores v. Adams, 532 U.S. 105, 123 (2001); see also Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992).

The Court concludes that Plaintiff and Defendant entered into a valid, written agreement to arbitrate all disputes relating to Plaintiff's employment. Thus, Plaintiff should be required to honor that agreement.

### III. CONCLUSION

Accordingly,

Defendant's Motion to Compel Arbitration [2] is **GRANTED**, and this case will be **ADMINISTRATIVELY CLOSED** pending arbitration pursuant to the agreement between the parties and the provisions of the FAA.

**SO ORDERED** this 27th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE